IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10592
Summary Calendar
_____

LAWRENCE BONTKE, SS #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,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CV-147
- - - - - - - - - -
June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Lawrence Bontke appeals the district court's judgment affirming the denial of supplemental social security income. Bontke does not challenge the district court's affirmation of the Commissioner's finding of not disabled. Arguments must be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25. Thus, Bontke is deemed to have abandoned any challenge to the Commissioner's finding of not disabled.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bontke does challenge the district court's denial of his motion to remand for consideration of new evidence. The district court did not err by denying Bontke's motion to remand inasmuch as he did not show good cause for his failure to submit the evidence earlier. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Bontke also argues that the administrative law judge (ALJ) failed to fully develop the record with regard to his mental disabilities and that the ALJ's failure to develop the case establishes good cause and requires that the case be remanded. Bontke raises this issue for the first time on appeal. Thus, review of this issue is limited to plain-error. See Highlands Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994).

The isolated references to Bontke's concentration problems and mood swings did not create evidence sufficient to have suggested to the ALJ that a mental impairment existed such that the ALJ had a duty to develop the possibility of Bontke having a mental disability. See Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995).

AFFIRMED.